PERRY STATE BANK v. MYERS.

Opinion delivered May 28, 1923.

BANKS AND BANKING—FAILURE TO COLLECT CHECK—NEGLIGENCE.—On December 14 plaintiff deposited for collection with defendant bank a check drawn on another bank in the same county, having in such bank sufficient funds to meet it. Defendant on the same day mailed the check to a correspondent bank in an adjoining county. On December 16 the latter bank mailed the check to the drawee bank, which received it not later than December 17. On December 21 the drawee bank failed. There was an unexplained silence of four or five days. *Held* that a finding that defendant, through its agent, the correspondent bank, was guilty of negligence in failing to collect the check was sustained by the evidence.

Appeal from Perry Circuit Court; *Richard M. Mann,* Judge; affirmed.

*G. B. Colvin,* for appellant.

There was no evidence of lack of diligence on appellant's part in the presentation of the check for pay-

ment. The court erred in refusing appellant's requested instructions 2, 4 and 5. 5 Cyc. 504. Erred also in giving instructions numbered 2, 3, 4 and 5.

*J. H. Bowen,* for appellee.

Appellant was negligent in presenting the check for payment, and its negligence caused a loss of the amount of it to appellee. 81 Ark. 127; 98 S. W. 956; 95 Ark. 111, 128 S. W. 554.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Perry County to recover $240 for failing to collect a check for that amount drawn on the Bigelow State Bank and deposited with appellant on December 14, 1920. The suit was based upon the alleged negligence and carelessness of appellant in not collecting the check before the Bigelow Bank failed. It was alleged that the Bigelow State Bank did not become insolvent until December 22, 1920, and that, had appellant been diligent, it would have collected the check before it failed.

Appellant filed an answer denying the material allegations of the complaint.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a judgment against appellant for the amount claimed, from which is this appeal.

The cause was sent to the jury upon the sole issue of whether or not appellant used due diligence in attempting to collect the check, to which objection was made upon the ground that the instructions submitting the issue excluded the responsibility assumed by appellant in accepting the check for collection. Appellant proved by its cashier that it received the check subject to payment by the bank upon which it was drawn, and assumed no responsibility. The court admitted the proof with reference to the custom of the bank in receiving checks subject to payment by the drawee, and the manner in which presented to the drawee through corresponding banks, but excluded the evidence tending to show what responsi-

bility, if any, the bank assumed. Several instructions were asked by appellant and refused by the court, embracing the idea that the bank assumed no responsibility in accepting the check for collection. The court excluded the evidence relating to the assumed responsibility of appellant bank, and refused to give instructions embracing the idea that it assumed no responsibility, upon the theory that, while the bank might prove the custom and usage of itself and other banks in the collection of checks, the law fixes its responsibility in making the collections. The law requires a bank to use due diligence in collecting checks deposited with it for collection. What due diligence is depends on the particular circumstances in each case. At the conclusion of the testimony appellant asked for a peremptory instruction on the ground that the undisputed facts showed that it had used due diligence in attempting to collect the check. It is contended that the court committed reversible error in refusing to instruct a verdict in its favor. The facts are undisputed, and are as follows: On the 14th day of December, 1920, appellee drew a check for $240 on the Bigelow State Bank, and at the time had on deposit in said bank sufficient funds with which to meet it. On said date he deposited the check with appellant, Perry State Bank, for collection, and received a certificate of deposit for same. On the same afternoon appellant mailed the check to the American Bank of Commerce & Trust Company of Little Rock, Arkansas, its corresponding bank, for collection. It was received by the corresponding bank on the 16th, and on the same day forwarded to the drawee, the Bigelow State Bank, the latter bank being the only bank in Bigelow. In due course of mail the check should have been received by the Bigelow Bank not later than the 17th during banking hours. The record is silent as to why the check was not received by the corresponding bank in Little Rock on the 15th instead of the 16th of the month. The Perry State Bank is located in the town of Perry, only a short distance from Little Rock,

and in the same county with Bigelow, the two towns being only fifteen or twenty miles apart. The Bigelow State Bank did not acknowledge the receipt of the check and pay same, and the corresponding bank did not demand the prompt return of the check. On December 21 the corresponding bank sent a tracer after the check. On December 22 the Bigelow State Bank became insolvent and was taken over by the Bank Commissioner of Arkansas. The Bigelow State Bank paid all checks presented to it over the counter until taken in charge by said Commissioner, and all checks which were mailed to it, until two or three days before it failed. The deputy bank commissioner found the check in question in the Bigelow Bank when he took over its assets, and returned it to the American Bank of Commerce & Trust Company on December 23. That bank charged it back to the account of appellant bank and returned the check to the latter. Appellant bank charged it back to the account of appellee on December 24, and returned the check to him. Five days elapsed between the time the corresponding bank mailed the check to the drawee and the time it sent the tracer after the check. The record is silent as to why no inquiry was made concerning the nonpayment of the check. The jury might have concluded that it was negligence on the part of the corresponding bank not to inquire concerning the check when it failed to receive a response by return mail from the Bigelow State Bank. The negligence of the corresponding bank was necessarily the negligence of the sending bank. It had selected the corresponding bank as its agent for the collection of the check. The unexplained silence of four or five days was a matter for the jury to consider in determining whether the corresponding bank used due diligence in attempting to collect the check. The corresponding bank not only owed the drawer the duty of presenting the check for payment within a reasonable time, but also the duty of pressing payment upon the drawee until payment was refused, and to promptly notify the sending bank,

and through it the drawer, of the refusal to pay on the part of the drawee. The failure to do these things was a matter to be considered by the jury in determining whether due diligence had been used in attempting to collect the check. It cannot be said, as a matter of law, that the failure to collect the check was not due to appellant's negligence. This was the only issue arising out of the pleadings and evidence, and the court submitted that issue to the jury under correct instructions.

No error appearing, the judgment is affirmed.